IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMARA CISSE, | |
| *Petitioner*, | Civil Action No. 3:26-cv-510 |
| v. | Hon. William S. Stickman IV |
| LEONARD ODDO, *et al*, | |
| *Respondents*. | |

## **CASE MANAGEMENT ORDER**

AND NOW, this 24th day of March 2026, IT IS HEREBY ORDERED as follows:

1.      **Service**.  Petitioner's counsel shall serve Respondents with a copy of this order and the Petition via a single e-mail at:  usapaw.civ.imm.2241.moshannon@usdoj.gov.  The subject line of the email shall contain the case caption and case number of this matter.  If the Petition contains voluminous exhibits, they need not be emailed.[1]  The email service shall be deemed sufficient to accomplish formal service of the Petition.  No other documents, pleadings, or motions may be emailed to this email address.

2.      **Certificate of compliance of service.**  Upon completion of service via e-mail as reflected in Paragraph 1, Petitioner's counsel shall file a notice of compliance, certifying the date and time of service.

3.       **Respondents' counsel notice of appearances**.  Counsel for Respondents shall file a notice of appearance within **3 days** of the filing of Petitioner's Certificate of Compliance of Service.

---

[1] Petitioner's counsel shall provide all such exhibits upon request of Respondents' counsel.

4.      **Respondents' response to the petition.**  The Court has reviewed the petition and supporting materials, and finds that the threshold issue concerns whether Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226, or whether he is subject to mandatory detention under 8 U.S.C. § 1225 pursuant to the interpretation set forth in  Matter of Q. Li, 29 I. & N. Dec. 66 (BIA 2025) and  *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The Court has reviewed the petition and supporting materials, and finds that the threshold issue concerns whether Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226, or whether he is subject to mandatory detention under 8 U.S.C. § 1225 pursuant to the interpretation set forth in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  Based on its prior decisions on this issue (i.e., *Aguirre-Guevara v. Oddo, et al.*, Case No. 3:26-cv-00070, ECF No. 8 (W.D. Pa. Feb. 11, 2026); *Cova v. Rose,  et al*, Case No. 3:26-cv-00101, ECF No. 9 (W.D. Pa. Feb. 11, 2026); *Radway v. Jamison, et al*, Case No.3:26-cv-00104, ECF No. 9 (W.D. Pa. Feb. 19, 2026); *Didi v. Warden of Moshannon Valley Ice Processing Center et al*, Case No. 3:26-cv-00125, ECF No. 11 (W.D. Pa. Feb. 19, 2026); *Coc Ixim v. Oddo et al*, Case No. 3:26-cv-0019, ECF No. 10 (W.D. Pa. Feb. 19, 2026)), the Court tentatively intends to grant relief in the form of an individualized bond hearing before an immigration judge. If Respondents believe that there are factual or legal differences between this case and the other cases in which the Court has decided the issue, then they may file a response to the petition on or before **7 days**, identifying those differences. Responses are limited to 25 pages, double-spaced.  If Respondents' position is the same as in the prior cases in which this issue has been raised and decided by the Court, they shall simply state as much in the response, cite to any response or brief

previously filed on the issue in this Court, and their positions shall be deemed to be incorporated by reference into the record.

BY THE COURT:

s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE